UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MICHAEL MACCARO,

        *Plaintiff,*

   -against-

US GOVERNMENT and DEPT OF MOTOR
VEHICLES (ALL STATES),

        D*efendants.*
-----------------------------------------------------------x

**MEMORANDUM and ORDER**
25-CV-4407 (OEM) (MMH)

ORELIA E. MERCHANT, District Judge:

Plaintiff Michael Maccaro ("Plaintiff") filed this *pro se* complaint on August 6, 2025, against the U.S. Government and the Department of Motor Vehicles ("Defendants"). Compl., Dkt. 1. Plaintiff's request to proceed *in forma pauperis* ("IFP"), Dkt. 2, is granted for the limited purpose of this Order. For the following reasons, the action is dismissed.

## BACKGROUND

Plaintiff submits a handwritten complaint on a form civil rights complaint. In the spaces on the form complaint to identify the constitutional rights that have been violated, Plaintiff asserts "constitutional rights, human rights" and "privacy right, right to be left alone." Compl. at 4. In the space to explain how Defendants acted under color of state or federal law, Plaintiff asserts "posioning me, forcing me to do something against my will, forcing religon on me" [*sic*]. *Id.* In the space to identify the statement of claim, Plaintiff alleges that he was poisoned or drugged by multiple food establishments. *Id.* at 5. In the space to identify his injuries, he claims "large blood clots blowing my nose from drugs 2 times." *Id.* at 6. He does not ascribe any acts or omissions to the named Defendants. *Id.* at 3. Plaintiff seeks unspecified monetary damages. *Id.* at 6.

**DISCUSSION**

Courts are required to give special consideration to *pro se* litigants, those individuals who are not attorneys and are representing themselves in court. This means that they are not expected to meet the same standards required for formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In giving *pro se* complaints special consideration, the Court must look for the strongest arguments in the complaint. *Id.*; *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008) (citations omitted). If the Court finds any possibility that "a valid claim might be stated," the Court must give the *pro se* plaintiff an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

A federal statute, 28 U.S.C. § 1915(e)(2)(B), allows poor plaintiffs to file lawsuits without paying the usual filing fee. This statute requires a district court to dismiss a case if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint fails to state a claim if it includes only basic claims without any factual details. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Plaintiff's allegations fail to state a claim and are frivolous. He does not allege that the named Defendants took any actions against him. He claims that he was drugged by various food establishments that are not named as defendants. His conclusory allegations that he was forced

2

into a religious act and to do something against his will are not supported by any factual details. Accordingly, these claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Because Plaintiff is proceeding *pro se*, the Court has considered giving him an opportunity to amend the complaint. However, because the deficiencies in the complaint are not such that could be cured by amendment, the Court concludes that it would be futile to grant leave to amend. *See O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 69 (2d Cir. 2002) ("a district court may deny leave to amend the complaint if the amendment would be futile"); *Burton v. USA*, 21-CV-6238, 2022 WL 1093217, at *2 (E.D.N.Y. Apr. 12, 2022) ("[B]ecause the complaint is based on a fanciful factual scenario that could not be cured by amendment, . . . it would be futile to grant leave to amend.").

## CONCLUSION

For these reasons, the Complaint is dismissed as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is requested to mail a copy of this Order to Plaintiff, note mailing on the docket, and close this case.

SO ORDERED.

*/s/*
ORELIA E. MERCHANT
United States District Judge

September 24, 2025
Brooklyn, New York

3